UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHAD BECHARD, | ) | |
| | ) | Case No. 3:20-cv-201 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| TRAVIS STEDMAN, LAUREN PLISKO, | ) | |
| and NURSE LAWSON, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Plaintiff, an inmate proceeding pro se in a civil rights action for violation of 42 U.S.C. § 1983, alleges that Defendants Travis Stedman, RN ("RN Stedman"), Lauren Pilsko, LPN ("LPN Plisko"), and Tyann Lawson, LPN[1] ("LPN Lawson") (collectively "Defendants") were deliberately indifferent to his serious medical needs. Defendants have moved to dismiss Plaintiff's complaint based on insufficient service of process, failure to exhaust administrative remedies, expiration of the applicable statute of limitations, and failure to state a claim upon which relief may be granted [Doc. 13]. Plaintiff has not submitted a response to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Having fully considered the parties' arguments and the applicable law, the Court will **GRANT** Defendants' motion.

I.  **PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY**

On March 16, 2018, Plaintiff, an inmate housed at the Anderson County Detention Facility ("ACDF"), filled out a form requesting medical care for a severe headache and dizziness

---

[1] LPN Lawson was misnamed in Plaintiff's amended complaint as "Nurse Lawson" [Doc. 5].

[Doc. 5 p. 4-5]. LPN Plisko determined it was a "coffee headach(e)" and prescribed no medication or treatment [*Id*. at 5]. Plaintiff continued to periodically request medical care for dizziness, headaches, and "black out spells," but he was denied treatment [*Id.* at 5-7]. On March 20, 2019, Plaintiff again spoke to RN Stedman about his ailments, but RN Steadman did nothing to attempt to secure treatment [*Id*. at 6]. Plaintiff contends that, at that point, he "gave up on them trying to help" [*Id*.].

On March 23, 2020, Plaintiff was taken to the Oak Ridge Hospital when ACDF staff observed him having a seizure [*Id*.]. Subsequent testing revealed that Plaintiff had a tumor on his brain, which caused his blackouts and headaches [*Id*.]. Plaintiff had the tumor surgically removed on March 31, 2020 [*Id*.].

On or about May 11, 2020, Plaintiff filed a complaint pursuant to § 1983 based on the alleged lack of medical care he experienced while incarcerated at ACDF [Doc. 2]. Shortly thereafter, the Court entered an Order directing Plaintiff to file an amended complaint naming the individual defendants allegedly responsible for the denial of medical care [Doc. 4]. That Order also dismissed former Defendant QCHC, Inc., and all official-capacity claims [*Id*. at 9].

On June 15, 2020, Plaintiff filed his amended complaint, naming Defendants as the responsible parties in this action [Doc. 5]. In the amended complaint, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs by failing to address his complaints beginning on March 16, 2018, and continuing until March 23, 2020, when he had a seizure and required surgery eight days later [*Id*. at 5-7]. Summonses were issued for each Defendant on July 14, 2020 [Doc. 8], and Defendants filed the present motion on August 26, 2020 [Doc. 13]. Plaintiff did not file a response. Accordingly, this matter is ripe for review.

2

## II.  MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.  When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).  It is with these standards in mind that the Court considers Defendants' motion.

## III.  DISCUSSION

### A.  Statute of Limitations

As §1983 has no statute of limitations, federal courts rely on the forum state's statute of limitations for personal injury actions when addressing complaints for violation of 42 U.S.C. § 1983.  *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007).  In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim).  When the statute begins to run, however, is an issue of federal law.  *Eidson v. State of*

*Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

The continuing-violation doctrine may operate to toll a statute of limitations under very limited circumstances involving a longstanding, demonstrable policy of discrimination. *See, e.g., Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003). However, "[p]assive inaction does not support a continuing violation theory." *Bruce v. Correctional Medical Services, Inc.*, 389 F. App'x 462, 466-67 (quoting *Eidson*, 510 F.3d at 635 (internal citations omitted)). Accordingly, a continuing violation "is [one] occasioned by continual unlawful acts, not continual ill effects from an original violation." *Id.* (quoting *Eidson*, 510 F.3d at 635).

Here, Plaintiff alleges that on March 20, 2019, he spoke about his symptoms to Defendant Stedman, who "did nothing to help," and that, thereafter, he "gave up on [Defendants] trying to help [him]" [Doc. 5 p. 7]. Therefore, Plaintiff knew or should have known that he potentially had a cause of action against Defendants for the denial of medical treatment on March 20, 2019. In fact, according to his amended complaint, he concedes that he did not seek treatment for his injuries after that time. Therefore, Defendants did not engage in any continuing denial of medical care after March 2019, even if Plaintiff did continue to have ill effects from the earlier, discrete denials of care. Plaintiff did not file his original complaint in this Court until May 2020, more than one year after the date on which he alleges that he last sought medical care. Accordingly, Plaintiff's complaint is barred by the applicable statute of limitations, and Defendants are entitled to dismissal.

### B. Exhaustion

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The mandatory exhaustion requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).

Failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Nonetheless, where it is apparent from the face of the complaint that an inmate has failed to exhaust the relevant prison grievance procedure, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *Id*. at 215-16.

It is plain from the face of Plaintiff's complaint that ACDF has an available grievance procedure that Plaintiff failed to utilize [Doc. 5 p. 2]. Plaintiff concedes that he did not use the procedure, though he confusingly maintains that he did not "know to the grievance procedure" [*Id*.]. The Court notes that in some limited circumstances, an inmate is relieved of his duty to exhaust administrative remedies because the remedies are effectively unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). These circumstances include (1) when there is no possibility for relief through use of the procedure; (2) when the rules are so confusing as to render them essentially unknowable; and (3) when prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. Plaintiff has not argued, nor is there any reason for the Court to infer, that ACDF's grievance

5

procedure was unavailable to Plaintiff. Accordingly, the Court finds that Defendants are also entitled to be dismissed from this action for want of exhaustion under 42 U.S.C. § 1997e.[2][3]

IV. **CONCLUSION**

For the reasons set forth above, Defendants motion to dismiss [Doc. 13] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent Plaintiff's claim sounds in health-care liability, the Court notes that he has failed to comply with the provisions of Tennessee Health Care Liability Act, Tenn. Code Ann. § 29-26-101, *et seq.*, including § 29-26-121 (written notice of claim) and § 29-26-122 (certificates of good faith). Therefore, any State-court claim against Defendants must be dismissed.

[3] Defendants have also moved for dismissal on the basis of improper service of process [*See* Doc. 13]. Inasmuch as Plaintiff's complaint is subject to dismissal on the grounds addressed, the Court declines to address the merits of this argument.

6